## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **THOMAS E. ANDREWS, individually; and THOMAS EARL ANDREWS, individually,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:19-cv-00141-JNP-JCB** |
| **DUSTIN C. THOMAS, individually; and DANIELLE E. SHANER, individually,** | **District Judge Jill N. Parrish** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2]  Before the court is pro se Plaintiffs Thomas E. Andrews and Thomas Earl Andrews's (collectively, "Plaintiffs") motion for entry of default judgment against Defendants Dustin C. Thomas and Danielle E. Shaner (collectively, "Defendants").[3]

---

[1] ECF No. 16.

[2] ECF No. 28.

[3] ECF No. 24.

## BACKGROUND

Plaintiffs filed their complaint in this action on March 1, 2019.[4]  On July 2, 2019, Plaintiffs filed certificates of service indicating that they had served each of the Defendants with a summons and the complaint on May 30, 2019.[5]  On July 26, 2019, after Defendants had not responded to the complaint, Plaintiffs filed a motion for entry of default against Defendants.[6]  On that same date, Plaintiffs filed a request for entry of default judgment against Defendants,[7] notwithstanding the fact that default had not yet been entered against Defendants.  Plaintiffs also filed a "Statement of Amount Due,"[8] along with supporting exhibits.[9]  On January 27, 2020, the Clerk of the Court ("Clerk") entered an order denying Plaintiffs' motion for entry of default against Defendants because Plaintiffs' purported service upon each of the Defendants was not proper.[10]  Because of the foregoing procedural history, on February 18, 2020, the court entered an order extending the time for Plaintiffs to effect service of process to April 20, 2020.[11]

---

[4] ECF No. 1.

[5] ECF Nos. 6, 7.

[6] ECF No. 9.

[7] ECF No. 11.

[8] ECF No. 12.

[9] ECF No. 13.

[10] ECF No. 17.

[11] ECF No. 18.

On February 21, 2020, Plaintiffs filed certificates of service indicating that they had served each of the Defendants with a summons and the complaint in a timely fashion.[12]  On the same date, Plaintiffs filed a motion for entry of default against Defendants.[13]  On March 5, 2020, Plaintiffs filed a motion for entry of default judgment against Defendants,[14] again without a prior entry of default against Defendants.  That is the motion currently before the court.  Subsequently, on April 28, 2020, the Clerk entered a default certificate against Defendants.[15]

## ANALYSIS

Plaintiffs' motion seeks entry of default judgment against Defendants under Fed R. Civ. P. 55(b)(1).  Based upon the following analysis, Plaintiffs' motion is denied without prejudice.

Rule 55(b)(1) provides that the Clerk may enter default judgment against a defendant in default as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).  Additionally, DUCivR 55-1(b)(1)(A) provides that the Clerk may enter default judgment against a defendant in default "[i]n cases where a claim is for a sum certain or a sum that can be made certain by computation."  DUCivR 55-1(b)(1)(A).  However, DUCivR

---

[12] ECF Nos. 20, 21.

[13] ECF No. 19.

[14] ECF No. 24.

[15] ECF No. 26.

55-1(b)(1)(B) provides that the court, rather than the Clerk, should address a motion for entry of default judgment in certain circumstances. Specifically, that rule provides:

> If the clerk determines that it may not be appropriate to enter a default judgment under Fed. R. Civ. P. 55(b)(1), the clerk may confer with the presiding judge. The presiding judge will advise the clerk whether default judgment by the clerk is appropriate. If such a judgment is not appropriate, the motion for default judgment will be addressed by the presiding judge.

DUCivR 55-1(b)(1)(B).

As an initial matter, the court will address DUCivR 55-1(b)(1)(B). The Clerk has conferred with the court concerning Plaintiffs' motion, and the court concludes that entry of default judgment is not appropriate here. Accordingly, the court, rather than the Clerk, will address Plaintiffs' motion.

In support of the amount of the default judgment they seek, Plaintiffs rely upon the "Statement of Amount Due"[16] and supporting exhibits[17] referenced above. In those documents, Plaintiffs contend that default judgment should be entered against Defendants in the amount of $117,486.06 for "[f]raudulent [c]onversion" of Plaintiffs' property.[18] That sum also includes various costs and fees Plaintiffs contend they have incurred in connection with this action. For their motion to succeed under the rules quoted above, Plaintiffs must establish that their claim is for a sum certain or a sum that can be made certain by computation. For the reasons set forth below, Plaintiffs fail to make that showing.

---

[16] ECF No. 12.

[17] ECF No. 13.

[18] ECF No. 12 at 1.

"To be a sum certain there must be no doubt as to the amount that must be awarded." *Garcia Gutierrez v. Puentes*, 437 F. Supp. 3d 1035, 1039 (D.N.M. 2020) (quotations and citation omitted).  "Moreover, 'a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.'"  *Id*. (quoting *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)).

Plaintiffs' "Statement of Amount Due" and supporting exhibits do not provide the type of damages that qualify as a sum certain under Rule 55(b)(1) because they are not liquidated or capable of mathematical calculation with certainty; they assert the value of allegedly converted property.  *See, e.g.*, *BNSF Ry. Co. v. Armstrong*, No. 14-2619-JAR, 2015 WL 668017, at *1 (D. Kan. Feb. 17, 2015) ("Typically, Rule 55(b)(1) is used to collect a specific amount that was due on a specific date under a specific contract, such as the balance due on a student loan.  Rule 55(b)(1) is not used when the amount of the judgment cannot be calculated with such certainty." (quotations, citation, and footnote omitted)).  Further, damages for Plaintiffs' claims for conversion of personal property do not fall under Rule 55(b)(1).  *Am. Water Purification, Inc. v. Barkley Mfg. & Eng'g, Inc.*, No. 87-1003-C, 1989 WL 31397, at *3 (D. Kan. Mar. 2, 1989) ("The amount of a defendant's liability is not a sum certain nor capable of certainty by computation when it is a matter of estimation such as the value of converted chattel.").

Because Plaintiffs are not seeking a sum certain, their motion to enter default judgment against Defendants under Rule 55(b)(1) is denied.  However, that denial is without prejudice so that they can refile under Rule 55(b)(2).  *BNSF Ry. Co.*, 2015 WL 668017, at *1 (denying Rule 55(b)(1) motion without prejudice because the plaintiff was not seeking a sum certain and permitting the plaintiff to refile under Rule 55(b)(2)).

## <u>ORDER</u>

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiffs' motion for entry of

default judgment against Defendants[19] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED August 28, 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[19] ECF No. 24.